**Ricardo RODRIGUEZ, Appellant,**

v.

**Mike SULLIVAN, Sheriff, et al., Appellees.**

**No. 6262.**

Court of Civil Appeals of Texas, El Paso.

Aug. 2, 1972.

Rey & Rey, Joseph J. Rey, Sr., El Paso, for appellant.

Ramon Ramos, Jr., Armando Peralta, George N. Rodriguez, Jr., County Atty., El Paso, for appellees.

## OPINION

PRESLAR, Justice.

This is an appeal from an order of the District Court denying a temporary injunction against the Sheriff of El Paso County, Texas, to prevent him from executing a writ of possession issued by a Justice of the Peace in a Forcible Entry and Detainer Case. We are of the opinion that the injunction should have issued, and therefore reverse the order of the trial Court.

In the Justice Court, the plaintiff, Juan Sandoval, sought the writ of possession on pleadings that he had sold the property to the defendant, Ricardo Rodriguez, under a purchase-sale contract in 1961, for a consideration of $5,650.00, payable $250.00 down and monthly payments of $47.00, and that the defendant had become delinquent in his payments as of June, 1970; that the plaintiff had given the defendant notice of the default and his intention to accelerate the indebtedness, pursuant to Art. 1301b, Vernon's Ann.Civ.St.; that the defendant had failed to comply with the contract; and that plaintiff was entitled to possession of the property.

"An action of forcible entry and detainer is a special proceeding and as such is governed by the special statutes and rules applicable thereto. See Lowe and Archer, Texas Practice, Injunctions and Extraordinary Proceedings (1957), Section 121; Rules 738 through 755, Texas Rules of Civil Procedure; Ringgold v.

Graham, Com.App., 13 S.W.2d 355 (1929); Simmons v. Brannum, Tex.Civ. App., 182 S.W.2d 1020 (1944), no wr. hist.; Ragsdale v. Ward, Tex.Civ.App., 173 S.W.2d 765 (1933), no wr. hist. Under the provisions of Article 3973, Vernon's Annotated Civil Statutes, an action of forcible entry and detainer must be instituted in the Justice Court. Forcible entry and detainer is an action for possession and the question of right of possession is the only issue involved in the Justice Court."

As seen from this quotation from Haginas et ux. v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368 (1962), the right of possession is the issue. In the case before us, it is apparent that the determination of the right of possession issue in the Justice Court depended on who owned the real estate involved. The defendant, Ricardo Rodriguez, is the plaintiff in this injunction action, and he contends that the original contract is lost, but that under it he has paid an amount which entitles him to a deed.

We are of the opinion that the judgment of the Justice Court is void as it necessarily was based on a determination to the title to realty. The entry was under the contract, so only forcible detainer could be the case. Justice Courts have no jurisdiction of suits for title to land, and hence have no jurisdiction to try a case in forcible detainer, which necessarily involves trial of title to land, or to render judgment therein. American Spiritualist Ass'n v. Ravkind et al., 313 S.W.2d 121 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.). Article 2387, V. A.T.C.S., provides that Justice Courts have no jurisdiction for the trial of title to land.

Since the Justice Court judgment was void, it follows that the District Court erred in not enjoining execution of the writ of possession. Proper application of the law to the facts was not made. The judgment of the trial Court is reversed with instructions to that Court to issue the temporary injunction as prayed for by Appellant.