Wayne Coughran v. Saddlebrook Apartments
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-275-CV

     WAYNE COUGHRAN,
                                                                              Appellant
     v.

     SADDLE BROOK


 APARTMENTS,
                                                                              Appellee
 

From the County Court at Law No. 1
McLennan County, Texas
Trial Court # 200101197 CV1
                                                                                                                

CONCURRING OPINION
                                                                                                                

      We not only miss the mark in this case, we go far beyond what we need to hold to resolve
this case, thereby potentially prejudicing other litigation between these same parties, and
compound the complexity of this area of law. To fully understand why our discussion is too
broad, a general understanding of the very limited purpose of a forcible detainer action is
necessary. Justice Sue LaGarde


 provided such a discussion and analysis in Rice v. Pinney. 
Rice v. Pinney, 51 S.W.3d 705, 709-712 (Tex. App.—Dallas 2001, no pet.). In Rice, Justice
LaGarde reviews at length the nature of a forcible detainer action, or an FED, as it is
commonly referred to in practice. I find no fault with her extensive analysis and quote from it
at length.
Nature of a Forcible Detainer Action
The procedure to determine the right to immediate possession of real property, if
there was no unlawful entry, is the action of forcible detainer. Kennedy v. Highland
Hills Apartments, 905 S.W.2d 325, 326 (Tex. App.—Dallas 1995, no writ). A
forcible detainer action is a special proceeding governed by particular statutes and
rules. Id. It was created to provide a speedy, simple, and inexpensive means for
resolving the question of the right to possession of premises. Id. To preserve the
simplicity and speedy nature of the remedy, the applicable rule of civil procedure
provides that "the only issue shall be as to the right to actual possession; and the
merits of the title shall not be adjudicated." Tex. R. Civ. P. 746; see Johnson v.
Fellowship Baptist Church, 627 S.W.2d 203, 204 (Tex. App.—Corpus Christi 1981,
no writ). Thus, the sole issue in a forcible detainer suit is who has the right to
immediate possession of the premises. Fandey v. Lee, 880 S.W.2d 164, 168 (Tex.
App.—El Paso 1994, writ denied); Cuellar v. Martinez, 625 S.W.2d 3, 5 (Tex. Civ.
App.—San Antonio 1981, no writ); Johnson v. Highland Hills Drive Apartments, 552
S.W.2d 493, 495 (Tex. Civ. App.—Dallas 1977), writ ref'd n.r.e. per curiam, 568
S.W.2d 661 (Tex. 1978).
 
To prevail in a forcible detainer action, a plaintiff is not required to prove title,
but is only required to show sufficient evidence of ownership to demonstrate a
superior right to immediate possession. Goggins, 849 S.W.2d at 377. However,
where the right to immediate possession necessarily requires resolution of a title
dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined
from doing so. Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st
Dist.] 1980, writ ref'd n.r.e.); see also Rodriguez v. Sullivan, 484 S.W.2d 592, 593
(Tex. Civ. App.—El Paso 1972, no writ) (justice court judgment void when
possession depended on whether defendant complied with contract for deed); Am.
Spiritualist Ass'n v. Ravkind, 313 S.W.2d 121, 124 (Tex. Civ. App.—Dallas 1958,
writ ref'd n.r.e.) (same). Because a forcible detainer action is not exclusive, but
cumulative, of any other remedy that a party may have in the courts of this state, the
displaced party is entitled to bring a separate suit in the district court to determine the
question of title. Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936);
Ramirez, 600 S.W.2d at 913; Martinez v. Beasley, 572 S.W.2d 83, 85 (Tex. Civ.
App.—Corpus Christi 1978, no writ). Forcible detainer actions in justice courts may
be brought and prosecuted concurrently with suits to try title in district court. Haith,
596 S.W.2d at 196; Hartzog v. Seeger Coal Co., 163 S.W. 1055, 1060 (Tex. Civ.
App.—Dallas 1914, no writ).
 
Immediate Possession Determined Separately from Title
 
Relying exclusively on Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169
(Tex. App.—Houston [1st Dist.] 1995, writ denied), the Rices argue that because
their district court suit raised the issue of title to the property, they automatically
removed the possession issue from the jurisdiction of the county court at law. 
According to the Rices, the issues of title to the property and possession of the
property are inseparable, and it is unreasonable to determine possession of real estate
without first determining who holds its title. We disagree.
 
Contrary to appellants' assertions, not only can the right to immediate possession
be determined separately from the right to title in most cases, but the Texas
Legislature purposely established just such a system. In Scott v. Hewitt, the supreme
court was asked by certified question to determine whether a provision in a deed of
trust that made a defaulted grantor a tenant at sufferance was valid and able to support
a forcible detainer action. 90 S.W.2d at 818. After concluding that the provision was
valid, the supreme court stated:
 
If [grantors] desire to attack the sale made under the deed of trust as being
invalid, they may bring such suit in the district court for that purpose; but, in
a suit for forcible detainer, such action is not permissible. The Legislature
has expressly provided by forcible entry and detainer proceedings a
summary, speedy, and inexpensive remedy for the determination of who is
entitled to the possession of premises, without resorting to an action upon the
title. This [forcible detainer] action allowed by law is not exclusive, but
cumulative, of any other remedy that a party may have in the courts of this
state. 
 
Id. at 818-19 (emphasis supplied). Though not specifically addressing the
jurisdictional issue now before us, the supreme court nevertheless expressly stated that
in cases challenging the validity of a trustee deed--as in this case--the legislature
contemplated concurrent actions in the district and justice courts to resolve issues of
title and immediate possession, respectively.
 
Similarly, in Martinez v. Beasley, the appellate court was charged with
determining whether a district court properly sustained a plea to its jurisdiction in a
suit to cancel a trustee's deed. 572 S.W.2d at 84. The district court had concluded it
was jurisdictionally barred from hearing the suit because a justice court previously
awarded possession of the premises pursuant to the challenged trustee deed. In
concluding the district court erred in granting the plea to its jurisdiction, the Corpus
Christi Court of Appeals stated:
 
[A] judgment of possession in a forcible detainer action is a determination
only of the right to immediate possession of the premises, and does not
determine the ultimate rights of the parties to any other issue in controversy
relating to the realty in question. Therefore, in this case, plaintiffs have the
right to sue in the district court to determine whether the trustee's deed
should be cancelled, independent of defendant's award of possession of the
premises in the forcible detainer action, which determined the right to
immediate possession of the premises, and nothing else. An action in
forcible detainer in the justice court is one thing, and an action in the district
court to determine whether a trustee's deed to the premises involved in the
forcible detainer action should be set aside i[s] something else. 

      Id. at 85 (emphasis supplied).
 
Three years later, in Home Savings Ass'n v. Ramirez, the same court of appeals
had to determine if a district court properly enjoined a justice court's judgment
awarding possession of certain premises. (FN3) 600 S.W.2d at 912. The underlying
facts in Ramirez are similar to those in this case, except for the procedural posture. In
Ramirez, a note holder foreclosed on a house pursuant to a deed of trust after the
homeowner defaulted on payments for repairs. The trust deed contained a provision
similar to the one in this case. It provided that after a foreclosure sale, the owners or
those holding under them became tenants at sufferance of the purchaser and that their
refusal, after demand, to surrender possession subjected them to a forcible detainer
action by the purchaser. The house was sold at a foreclosure sale. Pursuant to the
deed of trust, the purchaser brought a forcible detainer action and evicted the
homeowner while the homeowner's breach of contract action against the note holder
was pending in district court. The homeowner brought another action in district court
seeking to enjoin execution of the county court's writ of restitution. Believing the
county court had exceeded its jurisdiction by trying title, the district court granted the
injunction. The Corpus Christi Court of Appeals reversed and dissolved the
injunction, concluding the district court had abused its discretion. Id. at 913-14. 
After reiterating the legislative intent for parallel and concurrent resolution of issues
of immediate possession and title in different courts, the appellate court stated, "The
only issue presented to the justice and county court was who was entitled to immediate
possession. The appellant, as grantee in the trustee's deed, was entitled to
possession." Id. at 914. Thus, the court of appeals rejected the argument that the
justice and county courts exceeded their jurisdiction in awarding immediate possession
based on a disputed trustee deed.
 
The reasoning of Ramirez is applicable to this case. Here, the county court at law
had before it a March 1998 deed of trust wherein the Rices, as grantors, conveyed the
property to a trustee for the benefit of NMC. The deed of trust stated that upon a sale
pursuant to the deed of trust, the Rices would become tenants at sufferance and
subject to a forcible detainer action if they refused to vacate the property after request. 
Also before the court was a September 1999 substitute trustee's foreclosure sale deed
and related documents establishing the default on the note, a notice of eviction, the
foreclosure pursuant to the deed of trust, and the sale of the property to Pinney. 
Based on this evidence, it was not necessary for the county court at law to determine
the issue of title to the property, nor did it. The county court merely determined who
was entitled to immediate possession. To hold, as the Rices suggest, that the filing of
a concurrent suit in district court challenging the validity of the substitute trustee deed
precludes a forcible detainer suit in justice court would ignore the long-established
legislative scheme of parallel resolution of immediate possession and title issues.
 
Nevertheless, the Rices assert that Mitchell v. Armstrong Capital Corp. supports
their argument. There, a homeowner signed a promissory note for improvements to
her house. Mitchell, 911 S.W.2d at 170. This note was secured by a "Builder's and
Mechanic's Lien Contract." When the homeowner defaulted, the note holder
requested a substitute trustee post the house for foreclosure pursuant to the lien
contract. After purchasing the house from the substitute trustee, the note holder filed
a forcible detainer action in justice court to evict the homeowner. By written answer,
the homeowner asserted the justice court lacked jurisdiction because of a pending
lawsuit in district court challenging the note holder's title. The justice court awarded
possession to the note holder. On trial de novo, the county court at law also awarded
possession to the note holder. On appeal, the Houston First District Court of Appeals
concluded the homeowner had raised a "title issue" in the courts below that deprived
both the justice court and the county court at law on appeal of subject matter
jurisdiction. Id. at 171.
 
The Rices argue this case presents "[t]he exact same set of facts [as] existed in
Mitchell." Although the cases are similar, Mitchell is distinguishable in at least one
material way. In Mitchell, the lien contract apparently permitted the note holder to
sell the property at a foreclosure sale like the deed of trust did in this case. However,
in this case the Rices agreed that a foreclosure pursuant to the deed of trust established
a landlord and tenant-at-sufferance relationship between the Rices and Pinney. This
landlord-tenant relationship provided an independent basis on which the trial court
could determine the issue of immediate possession without resolving the issue of title
to the property. There is no indication, however, that the lien contract in Mitchell
created any type of landlord-tenant relationship or any other independent basis on
which the trial court could decide the immediate possession issue. Because the issue
of immediate possession in Mitchell depended solely upon title to the house under the
terms of the note and lien contract, neither the justice court nor the county court at
law on appeal had subject matter jurisdiction to issue the writ of possession. (FN4) 
See id. (citing Rodriguez, 484 S.W.2d at 593 and Ravkind, 313 S.W.2d at 124).
 
Rice v. Pinney, 51 S.W.3d 705, 709-712 (Tex. App.—Dallas 2001, no pet.) (emphasis added).
      Our opinion should be strictly limited to the issue of the right to immediate possession. It
is not. To the extent we go beyond the issue, we err. The court’s entire opinion erroneously
relies on the theory that the lease signed by Coughran was “modified.” It was not. As the
majority notes, Coughran marked on the lease that it was “?ambiguous?”


 in one place and
“contradictory--ambiguous!”


 in another. If the marks made on the lease do not vary or amend
the provisions of the lease, such that it would be a rejection of the terms as offered in the lease
and would thereby constitute a counter-offer, there is no modification. The markings
Coughran made on the lease form do not modify any term or provision of the agreement. He
signed the lease and returned it to the manager. Coughran also tendered a check in the amount
of the rental due under the new lease agreement, less a coupon discount for entering into a new
lease. The check was accepted by Saddle Brook Apartments and cashed. Saddle Brook
concedes that the manager has the authority to accept lease contracts that are not modified. So
not only did she have apparent authority to accept the contract, she also had actual authority to
accept this contract, because its terms had not been modified. 
      So who was entitled to immediate possession of the apartment, which is the only issue in
an FED action. Saddle Brook. But only because Coughran could not present a lease
agreement signed by Saddle Brook that was for the contested time period and for the lease
payment he proved he had paid. The only fully executed lease presented was for the prior
period. But Coughran would be holding over under that lease and had not payed the lease
payment required as a holdover and had been notified to vacate under the terms of that lease. 
Thus Saddle Brook, without trying the issue of title to the property, established a right to
immediate possession based upon the documents. That should be the basis of the opinion; but
the majority attempts to resolve the title dispute and discusses issues of construction, apparent
authority, and estoppel. These are not the proper subject of an FED action and are only
proper discussions in an action for damages for wrongful eviction or breach of contract. An
action for damages is pending and, no doubt, the cost and expense of this litigation will
become part of the damages sought in that litigation. A finding of a right to immediate
possession does not necessarily mean that a landlord is not liable in other causes of action
relating to the FED action such as wrongful eviction or breach of contract. We should
studiously avoid prejudging any other action or making holdings that could be misconstrued as
affecting the decision in another proceeding between these parties. I address these other issues
only because the majority does.
      For example, on the issue of accepting benefits under the new lease agreement, there is no
dispute between the parties. The check was tendered for payment of the new lease. It was
cashed. For Saddle Brook to now argue that it did not accept benefits under the new lease is
contrary to what everybody thought the payment was for. Also the evidence was that the
manager told Coughran after he had paid the rent specified by the new lease, “Looks like we
have you for another year,” a statement that only had meaning under the new lease. Coughran
was subsequently asked to initial a space that he had overlooked on the lease form when he had
signed it, which the manager had him initial after she had reviewed the lease form he had
signed and returned to her.
      Finally, I specifically draw the reader’s attention to the jurisdictional issue. I note that the
issues, particularly the estoppel defense and the issue of apparent authority, cannot control the
disposition of this proceeding. This case is about superior right to possession, not breach of
contract or wrongful eviction. If the issues decided by the majority regarding the validity of
the new lease agreement have to be decided, the trial court and this court moved from litigating
the right to immediate possession, to issues of title, issues beyond the jurisdiction of a court
deciding an FED, and accordingly, issues beyond our jurisdiction to resolve in this appeal of a
forcible detainer action.
      Accordingly, because the majority decides the appeal on issues based on the resolution of
issues over which the trial court and this court have no jurisdiction, but nevertheless reaches
the proper result, I respectfully concur only in affirming the judgment of the trial court.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Concurring opinion delivered and filed February 18, 2004