

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00466-CV

Jerry **VALDEZ**,
Appellant

v.

**GONZALEZ EQUITIES, LTD.**,
Appellees

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 377627
Honorable Walden Shelton, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 24, 2013

REVERSED AND DISMISSED

In this case, Gonzalez Equities, Ltd. filed a forcible detainer suit against Jerry Valdez.  The

lower courts rendered judgment in favor of Gonzalez Equities, which required Valdez to relinquish

possession of the property at issue.  Valdez appeals the judgment of the county court, raising

numerous points of error.  Because we conclude that this case necessarily requires a determination

of title and because the lower courts do not have jurisdiction to adjudicate title disputes, we reverse

the county court's judgment and dismiss the underlying cause for want of jurisdiction.

## BACKGROUND

In 2006, Gonzalez Equities bought the house at issue and offered to sell it to Valdez.[1] Valdez made a $9,000 down payment on the home and thereafter made monthly payments to Maria Gonzalez. It is disputed whether the monthly payments were made pursuant to a contract for deed or a landlord-tenant arrangement. In 2010, David Gonzalez, president of Gonzalez Equities and acting on behalf of Maria Gonzalez, wrote multiple letters to Valdez alleging nonpayment of taxes and insurance, and providing Valdez options to avoid efforts by Gonzalez Equities to retake possession of the property. These letters and other evidence introduced at trial referred to a contract, but alternated between stating that the contract was for a mortgage/purchase agreement versus a rental agreement. At trial, Gonzalez Equities also claimed that Valdez was in arrears on his monthly payments.

When Valdez contested Gonzalez Equities's assertions regarding the various payments and Gonzalez Equities's right to possession, Gonzalez Equities filed a complaint for forcible detainer in the justice of the peace court. The justice court ruled in favor of Gonzalez Equities, and Valdez appealed to the county court at law. The county court held a trial de novo and also rendered judgment in favor of Gonzalez Equities. The county court found that it had jurisdiction to hear the case and that Gonzalez Equities was a landlord and Valdez was its tenant. Valdez filed a motion for new trial and the county court held a hearing, but the motion for new trial was denied. A suit involving title to the property is also currently pending in the district court.

## SUBJECT-MATTER JURISDICTION

The proper forum for a forcible detainer suit is the justice court of the precinct where the property is located. TEX. PROP. CODE ANN. § 24.004(a) (West Supp. 2012); TEX. GOV'T CODE

---

[1] The record contains evidence that the property was sold to Valdez and his wife, but we will refer only to Valdez since he is the only named plaintiff.

ANN. § 27.031(a)(2) (West Supp. 2012); *Dormandy v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). The decision of the justice court may be appealed to the county court for a trial de novo. TEX. R. CIV. P. 749; *Dormandy*, 61 S.W.3d at 557. A county court's jurisdiction on appeal extends only as far as the justice court's jurisdiction. *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). A justice court does not have jurisdiction over a suit involving a determination of title. TEX. GOV'T CODE ANN. § 27.031(b)(4); *Dormandy*, 61 S.W.3d at 557.

A suit for forcible detainer is one in which the justice court seeks to determine who has the right to immediate possession of the property at issue. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *see also* TEX. PROP. CODE ANN. § 24.002 (West 2000). Because a suit for forcible detainer is cumulative, not exclusive, of other remedies available to the parties, the parties may ordinarily file both a forcible detainer suit in justice court and a suit to try title in district court. *Rice*, 51 S.W.3d at 709; *Dormandy*, 61 S.W.3d at 558. However, where resolution of the issue of possession necessarily requires a determination of title, a justice court lacks subject-matter jurisdiction to enter a judgment in the lawsuit. *Black*, 318 S.W.3d at 417; *Dormandy*, 61 S.W.3d at 557–58.

To prevail in a forcible detainer action, "the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Dormandy*, 61 S.W.3d at 557. Ordinarily, "[a] forcible detainer action is dependent on proof of a landlord-tenant relationship." *Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.); *see Ward*, 115 S.W.3d at 270; *Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.). "One indication that a justice court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a

landlord[-]tenant relationship is lacking." *Aguilar*, 72 S.W.3d at 733; *see also Ward*, 115 S.W.3d at 270.

Both parties acknowledge that the agreement originally entered into was a contract for deed for purchase of the home. The parties, however, dispute whether the contract was oral or written and whether Valdez remained a purchaser under the contract or became a tenant-at-will at some point.[2] Under a contract for deed, a buyer usually has the right to immediate possession of the property after a down payment has been made. *Shook v. Walden*, 368 S.W.3d 604, 624–25 (Tex. App.—Austin 2012, pet. denied); *Ward*, 115 S.W.3d 271. This rule would appear to require justice courts to render judgment in favor of a buyer under a contract for deed.

Nonetheless, some cases have held that justice courts have jurisdiction in a forcible detainer suit where the buyer defaulted on a contract for deed. In these cases, however, the contract for deed explicitly stated that in the event of default the parties would be treated as landlord and tenant, the buyer would be subject to a suit for forcible detainer, or the contract contained some other language giving the seller the immediate right to possession. *See, e.g.*, *Rice*, 51 S.W.3d at 711; *Martinez v. Daccarett*, 865 S.W.2d 161, 163 (Tex. App.—Corpus Christi 1993, no writ); *Home Sav. Ass'n v. Ramirez*, 600 S.W.2d 911, 912 (Tex. App.—Corpus Christi 1980, writ ref'd n.r.e.). Conversely, it is recognized that where a contract for deed has been established, but a landlord-tenant relationship has not, the justice court lacks jurisdiction over a forcible detainer case because a determination of title will ordinarily be required. *Rice*, 51 S.W.3d at 712 (citing *Am. Spiritualist Ass'n v. Ravkind*, 313 S.W.2d 121, 124–25 (Tex. App.—Dallas 1958, writ ref'd n.r.e.)); *see also Aguilar*, 72 S.W.3d at 735. "Without a landlord-tenant relationship, the justice

---

[2] Sometimes Gonzalez Equities appears to allege Valdez became a tenant-at-will because he defaulted on payments, while other times Gonzalez Equities argues the tenancy was created as a result of an agreement that the offer for purchase would terminate thirty days after it was made.

court could not determine the issue of immediate possession without necessarily determining the owner of the real estate pursuant to the contract between the parties." *Rice*, 51 S.W.3d at 712–13.

In determining whether a suit for forcible detainer involves an adjudication of title, we are not limited to the plaintiff's pleadings but, instead, "look to the 'gist' of the case" after reviewing the entire record. *Black*, 318 S.W.3d at 417. "If it becomes apparent that a genuine fact issue regarding title exists in a forcible detainer suit, the court does not have jurisdiction over the matter." *Aguilar*, 72 S.W.3d at 732.

Gonzalez Equities claims that it had a landlord-tenant relationship with Valdez and that it thus had a superior right to possession. To support this assertion, Gonzalez Equities points to letters it sent to Valdez in 2010 and the testimony of David Gonzalez, both of which state that there was a landlord-tenant relationship between the parties. We do not find this evidence to sufficiently establish an agreed to landlord-tenant relationship between the parties. The 2010 letters, however, acknowledged the parties' original agreement, and none of the offers made in the subsequent letters can unilaterally alter the terms of the original agreement. *See Aguilar*, 72 S.W.3d at 735.

Additionally, disputed testimony by an interested witness, such as a party, ordinarily "does no more than raise a fact issue." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (quoting *Cochran v. Wool Growers Cent. Storage Co.*, 166 S.W.2d 904, 908 (Tex. 1942)). In the case at hand, Gonzalez Equities failed to produce a vitally important document, the original agreement between the parties. Moreover, Gonzalez Equities's claim that the agreement was oral is contrary to a letter Mr. Gonzalez sent to Valdez on May 19, 2010, which specifically stated that Gonzalez Equities "conducted a review of our previous written agreement regarding the purchase of the . . . property." This statement, along with other evidence of a written contract, casts serious doubt upon Mr. Gonzalez's self-serving testimony that the parties entered into an oral

agreement that provided for a landlord-tenant relationship. When a contract for deed is not presented to the court and the buyer alleges that he fulfilled the terms of the agreement, the justice court lacks jurisdiction because the suit necessarily involves a determination of title. *See Rodriguez v. Sullivan*, 484 S.W.2d 592, 593 (Tex. Civ. App.—El Paso 1972, no writ) (holding that the suit necessarily involved a determination of title when the contract was lost and the buyer claimed he satisfied the terms of the purchase agreement). Because the evidence raised genuine fact issues regarding title to the property at issue, the justice court, and county court on appeal, lacked jurisdiction to determine the right to possession.

In addition to its contention that the parties had a landlord-tenant agreement, Gonzalez Equities asserted two reasons why Valdez defaulted on the contract: (1) arrears in monthly payments; and (2) failure to pay taxes and insurance. Even if a default, alone, was sufficient to forfeit Valdez's rights under the contract, Gonzalez Equities has not sufficiently shown a default. Gonzalez Equities claimed that Valdez was three months in arrears. During the hearing on Valdez's motion for new trial, however, Valdez presented copies of cancelled checks to Maria Gonzalez and a receipt from the justice court of funds deposited in the registry for the then-current month's rent. Although the record is not well developed, Gonzalez Equities appears to have implicitly recognized that Valdez was not, in fact, in arrears based on the evidence presented.

Further, Gonzalez Equities's 2010 letters to Valdez also stated that the purchase agreement required Valdez to pay the property taxes and insurance, and that if Valdez did not pay, Gonzalez Equities would take possession of the property. Valdez disputes that the contract required him to pay taxes and insurance. Because the contract was not introduced into evidence, unresolved questions of fact remain with regard to the parties' obligations under the contract and whether a default on those obligations would permit Gonzalez Equities to obtain a superior right to immediate possession.

We conclude that Gonzalez Equities has not proved a sufficient ownership interest in the property to establish a superior right to possession. Questions remain regarding the type of agreement at issue, the terms of the agreement, the rights of the parties in relation to the agreement, and whether there was a default under the agreement. Due to the number of unresolved questions and the necessity of resolving title issues before these questions can be answered, we conclude the issues of title and possession are inextricably intertwined.

## CONCLUSION

Based on a review of the entire record, we conclude that the right to possession cannot be determined without first resolving issues regarding title to the property. Therefore, the lower courts were without jurisdiction to render judgment. Accordingly, we reverse the county court's judgment and dismiss the underlying cause for want of jurisdiction.

Karen Angelini, Justice