

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00010-CV

SYLVIA MENDOZA AND RAYMOND MENDOZA, APPELLANTS

V.

VICTOR MURRIETA AND YSABEL MURRIETA, APPELLEES

On Appeal from the County Court at Law
Bastrop County, Texas
Trial Court No. 14-16642, Honorable Benton Eskew, Presiding

November 7, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, Sylvia and Raymond Mendoza, appeal the county court's dismissal of their de novo appeal, a dismissal based on their failure to make monthly payments into the registry of the county court as their appeal in a forcible detainer action was pending. The Mendozas claim that, for a number of reasons, the county court lacked jurisdiction to enter the dismissal on said basis. They also complain of procedural and substantive errors in the county court's judgment. Appellees, Victor and Ysabel Murrieta, maintain that the county court properly dismissed the Mendozas' de novo appeal from the justice

court judgment when the Mendozas failed to make timely payments into the registry of the court. We will vacate that judgment and dismiss this appeal.

Factual and Procedural History

There is a familial relationship between the Mendozas and the Murrietas. We learn that, sometime in 2003, the Murrietas agreed to sell a house to the Mendozas.[1] The parties to the transaction all signed a contract memorializing their agreement. At some point in time, however, all the copies of that agreement were lost. The Mendozas began making $600.00 monthly payments in 2003. With occasional late or installment payments, those payments continued until July 2011. When accounting for the payments, Ysabel noted that some of the payments were late and that the Mendozas also failed to pay property taxes as they had apparently been required to do.

The Murrietas originally filed a suit for eviction in the justice court, seeking $22,500.00 in past due rent payments. Two weeks later, that case was dismissed. The Murrietas filed a second forcible detainer action, this time seeking $9,000 in past due rent, within the justice court's jurisdictional limits. The justice court entered judgment in favor of the Murrietas.

On de novo appeal from the justice court's judgment, the county court initially addressed jurisdictional concerns regarding title based on representations by the Murrietas' counsel that there was no written document that touched on the idea that the Murrietas had intended to sell the property to the Mendozas. However, when Victor

---

[1] This fact really only came to light in Victor's testimony in the county court at law. Up to that point, it appears, attorneys and judges considered the case as one concerning an oral lease.

2

testified at a hearing in the county court, he was very clear that the transaction had begun as one for the sale of the property to the Mendozas. He explained that all parties had signed the contract but that no one could find a copy of it. He further explained that the Mendozas failed to pay timely and failed to pay property taxes as agreed and that they violated the terms of the contract for sale of the property, and, therefore, at some time "[i]n the first year—probably the first or the beginning of the second year" the agreement reverted to a month-to-month lease. Of course, no one could confirm that the contract so provided because, again, no one could find a copy of it. The Mendozas seem to have taken the position at some point during the interaction that they had satisfied the terms of the contract, entitling them to title to and possession of the property.

Rightfully concerned about this development which seemed to implicate issues of title, the county court abated the case in that court, pending discovery of the document or pending the filing of a trespass to try title suit in the district court.

The parties returned to the county court in November 2015. By this point, the Murrietas had filed a trespass to try title suit in the 335th District Court of Bastrop County, in which they again acknowledge that there was an agreement for the sale of the property but allege that the Mendozas failed to fully perform under that agreement. Before the county court, both parties sought dismissal, though on different grounds. The Mendozas urged that the county court lacked jurisdiction over the case in light of the dispute over title to the property. The Murrietas filed their second motion to dismiss the case in the county court based on the Mendozas' failure to make monthly payments

3

into the registry of the court as ordered by the county court.[2]   After hearing the competing motions, the county court granted the Murrietas' motion to dismiss based on the Mendozas' failure to make payments as directed and ordered that a writ of possession for the property be issued in the Murrietas' favor after the expiration of eleven days.  The Mendozas appeal this judgment.  We will conclude that the county court was without jurisdiction to enter this judgment and we will vacate it.

Applicable Law: Forcible Detainer

A forcible detainer action is a special proceeding governed by particular statutes and rules.  *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title.  *See Mekeel v. U.S. Bank N.A.*, 355 S.W.3d 349, 352 (Tex. App.—El Paso 2011, pet. dism'd w.o.j.).  "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession."  *Rice*, 51 S.W.3d at 709.  If it becomes apparent that a genuine issue regarding title exists in a forcible detainer action, a justice court or county court does not have jurisdiction over the matter.  *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citing *Haith v. Drake*, 596 S.W.2d 194, 197 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)); *see Am. Spiritualist Ass'n v. Ravkind*, 313 S.W.2d 121, 124 (Tex. Civ. App.—Dallas 1958, writ ref'd n.r.e.).  In other words, a justice or county court presiding over a forcible detainer action lacks jurisdiction in the

---

[2] The Murrietas had successfully moved for such dismissal earlier in the proceedings only to discover later that the Mendozas *had* paid into the registry of the court as ordered and that the error or delay in posting was in the record-keeping of the Bastrop County Clerk's Office.

4

matter when that action presents a genuine issue of title so intertwined with the issue of possession that the court must determine title before it awards possession. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

In determining whether a suit for forcible detainer involves an adjudication of title, we are not limited to the plaintiff's pleadings but, instead, look to the "'gist' of the case" after reviewing the entire record. *See Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *see also Galley v. Hedrick*, 127 S.W.2d 978, 981 (Tex. Civ. App.—Amarillo 1939, no writ). Again, "[i]f it becomes apparent that a genuine fact issue regarding title exists in a forcible detainer suit, the court does not have jurisdiction over the matter." *Aguilar v. Weber*, 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.). More specifically, a justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only if "the right to immediate possession *necessarily requires the resolution of a title dispute*." *Rice*, 51 S.W.3d at 713 (quoting *Haith*, 596 S.W.2d at 196).

When there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent basis for resolving the issue of possession. *See Yarbrough*, 455 S.W.3d at 282; *Rice*, 51 S.W.3d at 712. "Without a landlord-tenant relationship, the justice court could not determine the issue of immediate possession without necessarily determining the owner of the real estate pursuant to the contract between the parties." *Rice*, 51 S.W.3d at 712–13.

5

With that, it has been recognized that, where a contract for deed has been established, but a landlord-tenant relationship has not, the justice court lacks jurisdiction over a forcible detainer case because a determination of title will ordinarily be required. *See id.* at 712 (citing *Am. Spiritualist Ass'n*, 313 S.W.2d at 124–25); *see also Aguilar*, 72 S.W.3d at 732 (observing that, "[i]f the right to immediate possession depends upon title to the property under the terms of the contract for deed, the county court at law lacks subject matter jurisdiction to issue the writ of possession"). In fact, some courts treat the establishment of a tenancy relationship as a reliable touchstone on the jurisdictional considerations: "One indication that a justice court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord[-]tenant relationship is lacking." *See Aguilar*, 72 S.W.3d at 733 (citing *Rice*, 51 S.W.3d at 712 n.4); *see also Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied).

Analysis

Was Title So Intertwined with Possession?

The case at bar presents a scenario much like that examined in *Valdez v. Gonzalez Equities, Ltd.*, No. 04-12-00466-CV, 2013 Tex. App. LEXIS 9061 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op.). In *Valdez*, Valdez purchased the house by making a down payment and monthly payments to Gonzalez Equities. *See id.* at *1. The parties would later disagree as to whether the monthly payments were made pursuant to a contract for deed or a rental arrangement. *Id.* at *1–2. When Gonzalez Equities became dissatisfied with Valdez's failure to pay taxes and insurance on the

property, the relationship soured. *See id.* at *2. The *Valdez* court noted that the correspondence from Gonzalez Equities referred to a contract but alternated between identifying the contract as one involving a purchase or one involving a rental agreement. *See id.* After Gonzalez Equities filed a forcible detainer action in the justice court, the justice court entered judgment in favor of Gonzalez Equities. *Id.* The county court to which Valdez appealed that judgment concluded that it had jurisdiction to hear the matter and concluded that the parties shared a landlord-tenant relationship upon which it awarded possession to Valdez. *See id.* at *2–3. Ultimately, both parties acknowledge that their original agreement was a contract for deed for purchase of the home. *See id.* at *5. The parties, however, disagreed as to whether the contract was oral or written and whether Valdez remained a purchaser under the contract or became a tenant-at-will at some point. *See id.* The *Valdez* court considered the entire record to determine the "gist" of the case and, in so doing, concluded that resolution of the issue of possession on those facts necessarily involved resolution of the matter of title, over which the justice court and county court lacked jurisdiction. *See id.* at *7–11.

*Valdez* also discussed another case involving analogous facts: *Rodriguez v. Sullivan*, 484 S.W.2d 592 (Tex. Civ. App.—El Paso 1972, no writ). In *Rodriguez*, the property in controversy was the subject of a purchase-sale contract executed between Rodriguez and Sandoval. *See id.* at 593. Sandoval alleged that Rodriguez had become delinquent on his payments nine years later, and Sandoval gave Rodriguez notice of the default and intent to accelerate. *See id.* Sandoval sought possession of the property at that point. *See id.* Rodriguez responded that he had complied with the terms of the contract and paid the amount he owed under that contract. *See id.*

7

However, as is the case here, the contract had been lost. *See id.* The El Paso court concluded that the justice court's judgment was void as having been entered without jurisdiction to do so because the dispute necessarily called for resolution of questions concerning title to the land at issue. *See id.* (citing *Am. Spiritualist Ass'n*, 313 S.W.2d at 124).

Here, all parties seem to acknowledge that the Mendozas originally took possession of the home under an agreement to buy the home from the Murrietas. We do not know the precise terms of that written contract, as no one has been able to produce a copy of it. Nonetheless, the record reveals that, in order to resolve the issue of possession, the lower courts would have had to resolve the issue of title that has been implicated by the fact that the Mendozas and Murrietas agreed that the house would be sold to the Mendozas and seemed to have performed under that contract for some amount of time. Indeed, if we were to look for more indications that there was an agreement to sell at some point, the Murrietas' own accounting documents show that the Mendozas were responsible for paying property taxes on the property, which is an exceedingly uncommon term in a rental agreement.

The Murrietas maintain that the Mendozas' late payments and failure to pay property taxes constituted a breach of the parties' written agreement and caused the relationship to revert to a landlord-tenant relationship, but no one was able to establish the terms by which that did or did not happen and, if so, when. The Mendozas claim that they satisfied the terms of the contract. When it became clear at the hearing in the county court that the parties had entered into a contract for purchase, then the superior right of possession could no longer be determined by reference to the previously

8

presumed landlord-tenant relationship among the parties.  When it came to light that there was, in fact, a contract for the sale of the property that had been lost, that the Murrietas claim tenancy on the basis that the contract so provided, and that the Mendozas asserted that they satisfied the terms of that contract, then title to the property became so intertwined with the issue of possession that the right to immediate possession could not be determined without a determination as to title, and neither the justice court nor the county court had jurisdiction to act in the matter.

Based on our review of the entire record, we conclude that the right to possession in the instant dispute cannot be determined without first resolving issues regarding title to the property. Therefore, the lower courts were without jurisdiction to render any judgment or issue any writ of possession in this matter.  We conclude that the justice court and the county court lacked jurisdiction over this matter because the issue of immediate possession necessarily implicates issues of title on these particular facts.

Impact of Want of Jurisdiction

Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. *See Nabejas v. Tex. Dep't of Pub. Safety*, 972 S.W.2d 875, 876 (Tex. App.—Corpus Christi 1998, no pet.).  A county court's jurisdiction on appeal extends only as far as the justice court's jurisdiction. *See Ward*, 115 S.W.3d at 269; *Rice*, 51 S.W.3d at 708.  It follows then that, when the justice court and, thereby, the county court lacked jurisdiction over the matter, an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. *See Aguilar*, 72

9

S.W.3d at 731; *Dallas Cty. Appraisal Dist. v. Funds Recovery*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

Conclusion

Accordingly, we vacate the county court's judgment dismissing the Mendozas' de novo appeal for failure to pay into the registry of the court—a disposition the effect of which is to also dissolve any pending writ of possession issued in connection with the void judgment—and dismiss the underlying cause for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e). Because our jurisdiction extends no further than that of the court from which appeal was taken, we also dismiss this appeal. *See* TEX. R. APP. P. 43.2(f).

Mackey K. Hancock
Justice