**VACATE and DISMISS and Opinion Filed March 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00647-CV**

**VIJAYALAKSHMI NADAR, Appellant**
**V.**
**THINAKAR NADAR, Appellee**

**On Appeal from the County Court at Law 3**
**Collin County, Texas**
**Trial Court Cause No. 003-02474-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Breedlove

In a forcible entry and detainer suit, the trial court awarded possession of the marital home to appellee Thinakar Nadar ("Mr. Nadar") and ordered appellant Vijayalakshmi Nadar ("Ms. Nadar") to vacate the premises. The court also awarded Mr. Nadar court costs and attorney's fees. In three issues, Ms. Nadar challenges the trial court's jurisdiction and contends the trial court abused its discretion in rendering judgment for Mr. Nadar. Concluding that the trial court lacked jurisdiction to resolve issues regarding the disposition of marital property which was the subject of a prior divorce decree, we vacate the trial court's judgment.

# I.  BACKGROUND

Mr. and Ms. Nadar were divorced by final decree in the 469th Judicial District Court of Collin County (469th Court).  Although the 469th Court awarded the parties' marital home in Plano to Mr. Nadar, Ms. Nadar and the parties' daughter continued to live in the home, as they had since 2013.  The 469th Court awarded the parties' home in Mumbai, India, to Ms. Nadar.  The 469th Court also ordered that the parties "execute any and all documents necessary and proper to fulfill the division of property above awarded, and further have any writs, executions and process, as many and as often as necessary, to fulfill the provisions of this Decree." More specifically, the 469th Court ordered Ms. Nadar to sign a special warranty deed transferring her interest in the Plano home to Mr. Nadar and made a reciprocal order requiring Mr. Nadar to sign any document required to transfer his interest in the Mumbai property to Ms. Nadar.  The parties did not do so.

On April 15, 2021, Mr. Nadar filed a forcible entry and detainer suit in the Justice Court, Precinct 4, of Collin County.  At a hearing on June 3, 2021, the court awarded possession of the marital home in Plano to Mr. Nadar and ordered Ms. Nadar to vacate the premises.  The court's judgment included awards of attorney's fees and costs and set the amount of an appeal bond.  Ms. Nadar filed a statement of inability to pay that Mr. Nadar did not challenge.

On June 22, 2021, Ms. Nadar appealed the trial court's ruling to Collin County Court at Law 3.  At a trial on July 20, 2021, the court found in favor of Mr. Nadar

–2–

and awarded possession of the marital home to him along with court costs and attorney's fees, and set a supersedeas bond. The court also ordered Ms. Nadar to vacate and surrender the home. Ms. Nadar filed a second affidavit of inability to pay that Mr. Nadar did not challenge.

Ms. Nadar now appeals. In three issues, she complains that (1) the trial court abused its discretion in granting possession of disputed marital property in a forcible entry and detainer suit; (2) the trial court lacked jurisdiction to resolve issues regarding the marital property which was the subject of a prior divorce decree; and (3) the trial court abused its discretion in requiring an appeal bond and charging for an appellate record despite Ms. Nadar's unchallenged pauper's affidavit. Because Ms. Nadar's second issue is dispositive, we do not reach the remaining two issues.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether a court has subject matter jurisdiction is a matter of law that we decide de novo. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013).

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) (citing TEX. PROP. CODE ANN. § 24.004 (Vernon 2000); TEX. R. CIV. P. 749 (Vernon 2012, repealed 2013); *Home Sav. Ass'n v.*

*Ramirez*, 600 S.W.2d 911, 913 (Tex. App.—Corpus Christi 1980, writ ref'd n.r.e.)). However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Id.* at 709 (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Rodriguez v. Sullivan*, 484 S.W.2d 592, 593 (Tex. App.—El Paso 1972, no writ) (justice court judgment void when possession depended on whether defendant complied with contract for deed); *Am. Spiritualist Ass'n v. Ravkind*, 313 S.W.2d 121, 124 (Tex. App.—Dallas 1958, writ ref'd n.r.e.) (same)).

Under the Texas Family Code, the court that rendered a decree of divorce retains the power to enforce the division of property made in the decree. TEX. FAM. CODE ANN. § 9.002; *In re Marriage of Pyrtle*, 433 S.W.3d 152, 160 (Tex. App.—Dallas 2014, pet. denied). A party affected by a divorce decree providing for the division of property may request enforcement of that decree by filing a suit to enforce in the court that rendered the decree. TEX. FAM. CODE ANN. § 9.001; *Pyrtle*, 433 S.W.3d at 160. Specifically, "the court may render further orders to enforce the division of property made in the decree of divorce . . . to assist in the implementation of or to clarify the prior order." *Pyrtle*, 433 S.W.3d at 160 (citing *DeGroot v. DeGroot*, 369 S.W.3d 918, 922 (Tex. App.—Dallas 2012, no pet.); TEX. FAM. CODE ANN. § 9.006(a).

## III. DISCUSSION

In response to Ms. Nadar's challenge to the trial court's jurisdiction, Mr. Nadar argues that "[t]he district court that granted the divorce did not limit the enforcement of its orders to that court only, nor by statute could it restrict [Mr. Nadar] from seeking possession of the real property awarded to him by filing suit in the justice court." Mr. Nadar correctly argues that "[t]he justice court has by statute original jurisdiction of forcible entry and detainer suits and eviction suits." However, the case before us is no typical eviction suit—instead, the nature of the dispute unambiguously requires the court to review, interpret, and enforce the 469th Court's divorce decree. The County Court itself recognized this distinction at the trial when Ms. Nadar attempted to explain how the transfer of title to the Plano property was related to the transfer of title to the Mumbai property, responding, "that's all divorce stuff, and we don't do divorces down here."

Under Section 9.001(a) of the Texas Family Code, a party affected by a decree of divorce providing for a division of property "may request enforcement of that decree by filing suit to enforce as provided in this chapter *in the court that rendered the decree*." TEX. FAM. CODE ANN. § 9.001(a) (emphasis added). The Code further provides that the "court that rendered the decree of divorce or annulment retains the power to enforce the property division . . . ." TEX. FAM. CODE ANN. § 9.002. Although other courts may have jurisdiction over ancillary matters that do not require the enforcement of a divorce decree, cases that involve an enforcement action

–5–

like the one brought in this case belong in the court that rendered the divorce decree. *See Griffith v. Reyes*, 653 S.W.3d 746, 751 (Tex. App.—San Antonio 2022, no pet.) (holding that the court that renders the divorce decree has exclusive jurisdiction in suits to enforce the decree).

In *Griffith*, the parties filed for divorce in the Medina County Court of Law, and that court rendered the final divorce decree. Eight years later, the ex-husband filed suit in the 216th Judicial District Court of Gillespie County, alleging his ex-wife had failed to discharge certain debts she was required to discharge under the divorce decree. *Id.* at 752. The ex-wife argued that pursuant to Chapter 9 of the Texas Family Code, only the court that rendered the final divorce decree had authority to enforce said decree. *Id.* at 748. The trial court agreed and dismissed the case for lack of jurisdiction. *Id.* On appeal, the court held that because the 216th Court was not the court that rendered the divorce decree, it did not have subject matter jurisdiction over an action to enforce the terms of the decree. *Id.* at 747.

Like *Griffith*, the central issue in this case is a party's failure to take an action required by the divorce decree. Neither party has offered any evidence to show that they complied with the divorce decree's directive to "execute any and all documents necessary and proper to fulfill the division of property" awarded by the 469th Court. It is undisputed that although the divorce decree awarded the Plano home to Mr. Nadar, the parties never transferred title to the property as the decree required them to do. "A judgment of possession in a forcible detainer action is a determination

only of the right to immediate possession of the premises and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Rice*, 51 S.W.3d at 710 (quoting *Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex. App.—Corpus Christi 1978, no writ). Because the parties have not yet taken the necessary steps to modify title to the marital home, eviction is not the appropriate remedy for Mr. Nadar. *Id.* (internal citations omitted).

Further, the divorce made reciprocal awards, including awarding the Mumbai property to Ms. Nadar, and required that the parties execute and deliver any documents necessary to effectuate the provisions of the divorce decree. Ms. Nadar asserts in this appeal, and Mr. Nadar does not challenge, that Mr. Nadar has failed to deliver the necessary documents or transfer title to the Mumbai property to Ms. Nadar, despite her requests. Ms. Nadar also asserts, and Mr. Nadar does not dispute, material changes in the status of the properties since the divorce decree, numerous potential ambiguities regarding the relationship between the properties awarded under the divorce decree, as well as unforeseen barriers to effectuating the court's order. The remedy for these complaints is to seek clarification and enforcement of the divorce decree. *Pyrtle*, 433 S.W.3d at 160. Under the Family Code, the power to clarify and enforce a divorce decree belongs to the court that rendered the decree, which, in this case, is the 469th District Court. *Griffith*, 653 S.W.3d at 751 (citing *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011)).

Because we conclude the trial court lacked jurisdiction over Mr. Nadar's claims, we sustain Ms. Nadar's second issue. Given this disposition, we need not discuss her remaining issues. *See* TEX. R. APP. P. 47.4.

## IV. CONCLUSION

We vacate the trial court's judgment and dismiss this appeal.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

210647F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VIJAYALAKSHMI NADAR,
Appellant

No. 05-21-00647-CV          V.

THINAKAR NADAR, Appellee

On Appeal from the County Court at Law No. 3, Collin County, Texas Trial Court Cause No. 003-02474-2021.
Opinion delivered by Justice Breedlove. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **VACATED** and this appeal is **DISMISSED**.

It is **ORDERED** that appellant VIJAYALAKSHMI NADAR recover her costs of this appeal from appellee THINAKAR NADAR.

Judgment entered this 13th day of March 2023.