**Pablo MARTINEZ, Appellant,**

v.

**Oscar DACCARETT and Mary Carmen Daccarett, Appellees.**

No. 13–92–066–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1993.

Franklin T. Graham, Jr., Brownsville, for appellant.

Frank E. Perez, Royston, Rayzor, Vickery & Williams, Brownsville, for appellees.

Before SEERDEN, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

The sole issue in this appeal concerns the jurisdiction of the justice and county courts in a forcible detainer action. By a single point of error, appellant contends that the county court erred in dismissing the action for lack of jurisdiction. We reverse and remand.

Appellant Pablo Martinez filed a complaint for forcible detainer in the justice court alleging that Oscar and Mary Carmen Daccarett purchased real property from him under contracts for deed.[1] The agreements attached to appellant's complaint, provided similar remedies in the event of default by the Daccaretts. The first agreement provided:

> If any installment becomes overdue for more than thirty (30) days, at the Payee's option, Payee may cancel this CONTRACT and BUYER'S INTEREST MAY BE FORFEITED.
>
> \*    \*    \*    \*    \*    \*
>
> If this CONTRACT is canceled because of BUYER'S DEFAULT, BUYER will IMMEDIATELY surrender possession of the property to SELLER. IF BUYER fails to do so, BUYER will become a tenant at sufferance of SELLER, subject to an action for forcible detainer.

The second contract included the following provision:

> It is AGREED and UNDERSTOOD that if the Buyer shall fail for a period of thirty (30) days to pay to the Seller any of the sums agreed herein to be paid by the Buyer under the items of this agreement after same are due either as installments on account of principal, or as interest, assessments, taxes, or to procure insurance, or shall fail to comply with any of the covenants on his part to be performed and kept then the Seller shall be released from all obligations to convey said property, and the Buyer shall forfeit all right thereto, and all payments theretofore made by the Buyer under this agreement shall be considered as rent and compensation for the use and occupancy of said premises, and shall be retained by the Seller.

In a letter exhibit made a part of his complaint, appellant notified the Daccaretts that he was exercising his option to cancel the contract and declare any interest they had in the property forfeited because they had not made payments as they had agreed. The letter also notified the Daccaretts that unless they vacated the property, an action in forcible entry and detainer would be filed in an effort to regain possession of the premises. The Daccaretts failed to vacate the

---

1. Appellant entered into two contracts for deed, the first signed by Oscar and Mary Carmen Daccarett, the second which provided that it superseded any prior agreements, signed only by Mary Daccarett. At trial, it was argued that the second had been ratified by Oscar Daccarett. The question of which contract controls is not before us on appeal.

premises. Appellant's complaint further alleged that the Daccaretts entered onto the leased premises under the contracts for deed, and have occupied the premises as his tenants since that time pursuant to the terms of the agreements. Appellant requested 1) the Daccaretts be adjudged guilty of forcible detainer, 2) restitution of the property, 3) reasonable past due rents, 4) damages and costs, attorney's fees, and such other relief to which he may be justly entitled.

The Daccaretts' answer included a plea to the jurisdiction and a general denial of appellant's complaint. They more specifically denied that 1) a lease agreement existed, and 2) the face of the second contract for deed clearly reflected the intent of the parties to create a buyer/seller relationship. Alternately, the Daccaretts alleged that the contract provision requiring forfeiture of use and occupancy on account of delay in payments was invalid and void, and was a penalty and not a good faith attempt to estimate damages in light of the fact that the Daccaretts had paid Martinez $67,000 toward the purchase of the home.

On appeal from the justice court, the county court at law dismissed the action for want of subject matter jurisdiction.

By appellant's sole point of error, he contends that the county court erred in dismissing his action for lack of jurisdiction. In oral argument, appellant urged that because it is the county court's duty only to determine who had the right of possession, if the Daccaretts have other rights they should raise those rights in the proper district court. Appellant urges that those rights do not affect a forcible detainer suit because it should be decided on the basis of possession only.

On appeal, the Daccarett's contend that Martinez's pleadings clearly negate the existence of a landlord/tenant relationship, and that any alleged breach of the second contract for deed has its remedy in an action for breach of contract, rescission, specific performance or any of a variety of actions, but not in an action for forcible detainer. *See* TEX. PROP.CODE ANN. § 24.002 (Vernon Supp. 1993). Further, the Daccaretts argue that their pleadings assert a claim for equitable title to the subject property because it is alleged therein that $67,000 has been paid towards the purchase price of the property and that $30,000 in improvements have been made.

■ "The Legislature has provided by forcible entry and detainer proceedings a summary, speedy, simple, and inexpensive remedy for the determination of who is entitled to the possession of the premises without resorting to an action upon the title." *Holcomb v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 309 (1935); *see also* TEX.R.CIV.P. 746. The justice court, however, cannot adjudicate title to the land. TEX.R.CIV.P. 746; *Slay v. Fugitt*, 302 S.W.2d 698, 701 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.). The court merely resolves who is entitled to immediate possession. *Home Savings Assn. v. Ramirez*, 600 S.W.2d 911, 913 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ This forcible detainer action allowed by law is not exclusive, but cumulative of any other remedy that a party may have in the courts of this state. *Id.; See also* TEX.PROP. CODE ANN. § 24.008 (Vernon Supp.1993). "[T]he defendant, in an action of forcible entry and detainer, may prove any facts not inconsistent with the title under which he went into possession of the premises which show that his right to occupancy existed when suit was brought, although such facts may be connected with the title." *Holcomb*, 79 S.W.2d at 309.

■ Where the pleadings do not affirmatively demonstrate an absence of jurisdiction, a doubtful case will be presumed in favor of jurisdiction. *Peek v. Equipment Service Co.*, 779 S.W.2d 802, 804 (Tex.1989). After a review of the pleadings, the only issue presented to the justice and county courts was who was entitled to immediate possession. Parties involved in a forcible detainer suit are most often in a landlord-tenant relationship. In this case, the parties posture themselves as buyer-seller. However, by provisions in the contracts for deed the parties agreed that in the event of default, the relationship became one of landlord-tenant. *See Home Savings*, 600 S.W.2d at 913.

Under the law, Martinez has the right to maintain detainer proceedings against the Daccaretts to determine his right to possession of the real property. The cause of action pleaded by Martinez against the Daccaretts is based on the theory that he is entitled to possession of the property in dispute here as the landlord of the property. The complaint proceeds upon the theory that Martinez is the landlord and the Daccaretts his tenant; and upon the further theory that the Daccaretts have some character of a lease with Martinez. *See Holcomb,* 79 S.W.2d at 310.

From an examination of the pleadings, we conclude that appellant pled a forcible detainer action and the justice and county courts had jurisdiction to hear the case. We sustain appellant's sole point of error, and reverse and remand.