Randolph Brown v. Kula-Amos, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-032-CV

RANDOLPH BROWN APPELLANT

V.

KULA-AMOS, INC. APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Following a bench trial, the trial court entered judgment for Apellee Kula-Amos, Inc. (“Kula-Amos”) in its forcible detainer suit against Appellant Randolph Brown (“Brown”).  The judgment awards Kula-Amos $3,126.39 in damages and possession of certain property that is the subject of a contract for deed between Kula-Amos and Brown.  In five issues, Brown complains that the county court at law lacked jurisdiction over the suit, that Kula-Amos presented no evidence of ownership to demonstrate a superior right to immediate possession, that the notice of noncompliance provided to Brown failed to describe the period of the alleged deficiency, and that Kula-Amos did not allow Brown the statutorily prescribed amount of time to cure the default.  We will affirm.

II.  Factual and Procedural Background

Brown and Kula-Amos entered into a contract for deed on September 4, 2000.  Brown agreed to purchase and Kula-Amos agreed to sell the property located at 5607 Fireside Drive in Arlington. 
 
The contract for deed contains numerous standard terms as well as sections outlining Brown’s obligations, Kula-Amos’s rights, and other general provisions.  The deed further provides that Kula-Amos will convey the property to Brown once Brown “has paid the entire Deferred Principal Amount, earned interest, and any other indebtedness owed under th[e] contract.”  Kula-Amos sent Brown a notice of noncompliance with the terms of the contract on August 18, 2003.  The notice indicated that Brown failed to make payments for the period from July 1, 2003 to July 31, 2003 and that Kula-Amos intended to enforce the remedy of forfeiture and acceleration if payment was not made by September 2, 2003.  Brown responded to the letter and stated that he paid the amounts due under the contract for June and July 2003, but that he had not yet paid the balance due for August 2003.  Brown further indicated that the amount due should be adjusted to reflect a new insurance policy that took effect August 1, 2003. Pete Still, the principal owner of Kula-Amos, acknowledged Brown’s letter and provided him with a breakdown of the monthly payment.   

Kula-Amos sent Brown a September 3, 2003 notice to vacate the premises.  On September 12, 2003, Kula-Amos sued Brown and all occupants of the property located at 5607 Fireside Drive in justice court.  The complaint provided that Brown failed to make a payment of $1359.26 due on August 1, 2003 and that on September 3, 2003 Kula-Amos had given Brown notice to vacate and demand for possession.  Brown answered and submitted a plea to the jurisdiction, arguing that a “claim for unpaid rent or other damages is not part of an FED case” and that an “FED suit cannot be used to determine title to real property.”  Attached to Brown’s answer was a contract for deed dated August 1, 2003 indicating that Brown agreed to sell and Mary Smith agreed to purchase the property located at 5607 Fireside Drive in Arlington.  On October 2, 2003, the justice court entered a judgment for Kula-Amos, ordering that it recover possession of the property from Brown.  

Brown appealed the justice court judgment to the county court at law for a trial de novo.  Once again, Brown answered and averred that the county court did not have jurisdiction to consider the case because an “FED suit cannot be used to determine title to real property.”  After Jennifer Bowers, the vice president and property manager of Kula-Amos, and Brown testified, the county court requested that the parties provide it with a brief concerning the adequacy of the notice provided to Brown in the August 18, 2003 notice of noncompliance.  The parties complied, and the county court subsequently signed a judgment on November 21, 2003 ordering that Kula-Amos have and recover possession of the property located at 5607 Fireside.  This appeal followed.
(footnote: 2)
III.  County Court At Law Jurisdiction

In his first issue, Brown argues that the county court did not have jurisdiction to consider Kula-Amos’s forcible detainer suit because the justice court did not initially have jurisdiction.  Brown contends that the contract for deed executed by Brown and Mary Smith on August 1, 2003 caused the justice court to be “faced with a situation where there was an ownership interest in the property held by a person who was not a party to the proceeding.”  This, Brown reasons, “required the determination of title.”  Brown further maintains that Kula-Amos “could not appear in the Justice Court without an attorney” because “the filing of an eviction suit in the justice court is not a ministerial act, but rather, an act that was a nullity.” 

A.  Jurisdiction

Jurisdiction over a forcible detainer suit is given to a justice court in the precinct where the property is located.  
See 
Tex. R. Civ. P.
 749; 
Tex. Prop. Code Ann.
 § 24.004 (Vernon 2000); 
Aguilar v. Weber
, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).  Either party may then appeal the justice court’s judgment to the county court for a trial de novo.  
Aguilar
, 72 S.W.3d at 731; 
Cattin v. Highpoint Village Apartments
, 26 S.W.3d 737, 739 (Tex. App.—Fort Worth 2000, pet. dism’d w.o.j.).
  The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court does not have appellate jurisdiction if the justice court did not initially have jurisdiction.  
See Ward v. Malone
, 115 S.W.3d 267, 269 (Tex. App—Corpus Christi 2003, pet. denied); 
Aguilar
, 72 S.W.3d at 731.

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined.  
See Cattin
, 26 S.W.3d at 738-39
.  It is a special proceeding governed by particular statutes and rules found in sections 24.001 to 24.011 of the Texas Property Code and Texas Rules of Civil Procedure 738 to 755.  
See id
.  Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property.  
See id
.; 
see also
 
Ward
, 115 S.W.3d at 270.  Thus, Rule 746 provides that “the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated.” 
 
Tex. R. Civ. P.
 746;
 Rice v. Pinney
, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  Accordingly, neither a justice court nor a county court has jurisdiction to determine the issues of title to real property in a forcible detainer suit.  
See 
Tex. R. Civ. P.
 746; 
Ward
, 115 S.W.3d at 270.  However, justice courts may adjudicate possession when issues related to the title of real property are tangentially or collaterally related to possession. 
 Gibson v. Dynegy Misdstream Servs., L.P.
, 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.).

A forcible detainer action based on a contract for deed is dependent on proof of a landlord-tenant relationship.  
See Ward
, 115 S.W.3d at 270-71; 
Aguilar
, 72 S.W.3d at 733-35; 
Am. Spiritualist Ass’n v. Ravkind
, 313 S.W.2d 121, 124-25 (Tex. Civ. App.—Dallas 1958, writ ref’d n.r.e.).  Generally, a justice court or county court is not required to determine questions of title when considering a forcible detainer suit if the contract provides for a landlord-tenant relationship upon default, if the contract provides that the buyer becomes a tenant-at-sufferance in the event of default, or if the contract provides that the buyer is subject to a forcible detainer suit upon default.  
See Ward
, 115 S.W.3d at 270-71; 
Aguilar
, 72 S.W.3d at 735; 
Rice
, 51 S.W.3d at 711, 713 n.4; 
see also Martinez v. Daccarett
, 865 S.W.2d 161, 164 (Tex. App.—Corpus Christi 1993, no pet.) (holding justice and county courts had jurisdiction to hear forcible detainer suit); 
Home Sav. Ass’n v. Ramirez
, 600 S.W.2d 911, 912-13 (Tex. Civ. App.—Corpus Christi 1980, writ ref’d n.r.e.) (holding appellant, as grantee in trustee’s deed, entitled to possession); 
Haith v. Drake
, 596 S.W.2d 194, 197 (Tex. Civ. App—Houston [1st Dist.] 1980, writ ref’d n.r.e.) (reasoning justice court had jurisdiction to consider forcible detainer suit).  Title is a non-issue because the existence of such language in the contract “provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property.”
  See Dormady v. Dinero Land & Cattle Co., L.C.
, 61 S.W.3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.).

In the instant case, section one of the “General Provisions” in the contract for deed between Brown and Kula-Amos states,

As long as Buyer promptly performs all obligations in this contract, Buyer has the right to possession of the Property.  If this contract is canceled because of Buyer’s default, Buyer will immediately surrender possession of the Property to Seller.  
If Buyer fails to do so, Buyer will become a tenant at sufferance of Seller, subject to an action for forcible detainer.  
[Emphasis added.]

Thus, the contract for deed expressly provides that Brown will become a tenant-at-sufferance subject to an action for forcible detainer in the event of default.  This language establishes the essential relationship between Kula-Amos and Brown that is necessary to maintain a forcible detainer suit and avoid the question of title.  
See Ward
, 115 S.W.3d at 270-71; 
Aguilar
, 72 S.W.3d at 735; 
see also 
Tex. Prop. Code Ann.
 § 24.002(a)(2) (Vernon 2000) (stating that a person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance). Therefore, the justice court and county court could determine the issue of immediate possession without making an inquiry into title.  
See Ward
, 115 S.W.3d at 271; 
Rice
, 51 S.W.3d at 711.  

Moreover, Brown’s subsequent contract for deed with Mary Smith would not have caused the justice court or county court to make an inquiry into title.  This is so because while the buyer under a contract for deed is normally entitled to possession upon the making of a down payment, the seller retains legal title to the property and delivers it to the buyer only upon the buyer’s full payment of the purchase price.  
See Gibson v. Bostick Roofing and Sheet Metal Co.
, 148 S.W.3d 482, 491 (Tex. App.—El Paso 2004, no pet.).  There is no question that Kula-Amos retained title to the property at 5607 Fireside Drive when it executed the contract for deed with Brown, and title was never transferred over to Brown.  Consequently, the subsequent contract for deed between Brown and Mary Smith had no effect on the status of the property’s title.  If anything, it merely raised an issue concerning possession, which, consequently, the justice and county courts resolved.

B.  Non Lawyer Representation at Justice Court

Brown further argues in his first point that Kula-Amos could not appear in the justice court without an attorney.  Brown reasons that Kula-Amos’s suit “was a nullity” and that “[a]ny act taken by a person who is not an attorney and which act constitutes an unauthorized practice of law is void and of no effect.”  Brown further cites Rule 7 of the Texas Rules of Civil Procedure as support for his argument that Kula-Amos must have been represented by an attorney at the justice court. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  The objecting party must get a ruling from the trial court; this ruling can be either express or implied.  
Frazier v. Yu,
 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  If the trial judge refuses to rule, an objection to the refusal to rule is sufficient to preserve error.  
Tex. R. App. P.
 33.1(a)(2).

Having determined above that the justice court and county court had jurisdiction to consider Kula-Amos’s suit, we cannot agree with Brown that Kula-Amos’s suit “was a nullity.”  Moreover, Brown’s challenge to the authority of Jennifer Bowers to act as Kula-Amos’s agent in the justice court is an argument that was not raised in the trial court.  Our review of the county court reporter’s record and clerk’s record shows that at no time did Brown challenge Bowers’s authority to act as Kula-Amos’s agent.  Accordingly, because he raises this complaint for the first time on appeal, Brown waived appellate review of this argument by not preserving error.  
See
 
Tex. R. App. P.
 33.1(a); 
Tex. Prop. Code Ann.
 § 24.011
(footnote: 3); 
see also 
Tex. R. Civ. P.
 747(a) (“In forcible entry and detainer cases for non-payment of rent or holding over beyond the rental term, the parties may represent themselves or be represented by their authorized agents in justice court.”);
 
Op. Tex. Att’y Gen. No. JM-451 (1986) (stating agent’s authority under property code is presumed and any challenge to agent’s authority by another party must be raised in justice court and not for the first time on appeal.).  We overrule Brown’s first issue.

IV.  Evidence of Ownership/Right to Possession

In his second issue, Brown argues that Kula-Amos presented no evidence of ownership to demonstrate a superior right to immediate possession.  Brown contends that the only evidence regarding ownership demonstrated that Pete Still was the principal owner of Kula-Amos, and “[w]hether or not Mr. Still is an owner of the Plaintiff does not prove that the Plaintiff owned the property.” To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.  
See Ward
, 115 S.W.3d at 270; 
Goggins v. Leo
, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).  

Here, the county court admitted the contract for deed between Kula-Amos and Brown into evidence.  The contract is dated September 4, 2000 and provides that Kula-Amos is the “Seller” and that Brown is the “Buyer.”  The contract lists the property as “5607 Fireside Drive, Arlington, TX 76016" and provides terms for payment, interest, and insurance.  The contract further provides,

On this date the Property is encumbered by a lien or liens in favor of Kula-Amos & bank, securing a note in the original principal sum of $97,900.  Seller agrees to pay the note as due and to obtain a release of the Property from the lien before conveying the Property to Buyer, unless Buyer is to assume such indebtedness pursuant to this contract.

The contract also states, “When Buyer has paid the entire Deferred Principal Amount, earned interest, and any other indebtedness owed under this contract, Seller will convey the Property to Buyer by warranty deed . . . .”  Moreover, Kula-Amos sent Brown a notice of noncompliance with the terms of the contract dated August 18, 2003, and Brown acknowledged that he had not paid rent in a subsequent letter to Kula-Amos.  The contract clearly and unambiguously positioned Kula-Amos as the “Seller” and Brown as the “Buyer,” and the contract further provided that Kula-Amos would retain title to the property until Brown satisfied all conditions—monetary or otherwise.  Thus, the evidence before the county court established a contractual relationship between both parties that was initiated through the execution of a contract for deed
.  We hold that Kula-Amos presented sufficient evidence of ownership of 5607 Fireside Drive, Arlington, TX 76016 to demonstrate a superior right to immediate possession in relation to Brown.  
See Ward
, 115 S.W.3d at 270; 
Goggins
, 849 S.W.2d at 377.  We overrule Brown’s second issue.

V.  Alleged Property Code Violations

In Brown’s third, fourth, and fifth issues, he argues that the county court erred by entering judgment for Kula-Amos because Kula-Amos failed to comply with multiple sections of the property code.  Specifically, Brown reasons that he was not given the proper amount of time to cure his default as provided by sections 5.064 and 5.065 of the property code and that the notice of noncompliance provided to Brown failed to describe the period of the alleged deficiency as mandated by section 5.063(b)(2)(C) of the property code. 

Subchapter D of Chapter Five of the property code is titled “Executory Contract for Conveyance.”  Section 5.062(a) of the property code provides that “[t]his subchapter applies only to a transaction involving an executory contract for conveyance of real property 
used or to be used as the purchaser’s residence
.”  
See 
Tex. Prop. Code Ann.
 § 5.062(a) (Vernon 2004) (emphasis added).  Thus, section 5.063 (“Notice”), section 5.064 (“Seller’s Remedies on Default”), and section 5.065 (“Right to Cure Default”) are inapplicable if the buyer was not using the real property as his residence at the time of the suit or planned to use the real property as his residence at some point in the future.
(footnote: 4) A “residence” has been defined as the place where one actually lives or has his home. 
 Owens Corning v. Carter
, 997 S.W.2d 560, 571 (Tex. 1999).  Furthermore, “a permanent residence in Texas requires a home and fixed place of habitation to which a person intends to return when away.”  
Id
.

Here, Brown testified that he was the owner of the real property at issue and that he was in possession of it.  The following exchange took place on direct examination:

[Brown’s attorney]: Are you the current owner of the property at 5607 Fireside Drive in Arlington?

[Brown]: Yes, sir.

[Browns’ attorney]: You have possession and control of that property right now, sir?

[Brown]: Yes, sir.

However, after this, Brown testified that he had moved out of the residence in mid-July 2003.  This exchange took place:    

[Brown’s attorney]: Okay.  You lived in that house [5607 Fireside Drive], sir?

[Brown]: Yes, sir.

[Brown’s attorney]: From the time you bought it in 2000?

[Brown]: Yes.

[Brown’s attorney]: When is it that you moved out, sir?

[Brown]: Moved out July, about mid-July.

[Brown’s attorney]: Of what year?

[Brown]: 2003.

[Brown’s attorney]: 2003?

[Brown]: Yes.

[Brown’s attorney]: Okay.  Just less than a month from the filing of this suit here, sir?

[Brown]: Yes.

[Brown’s attorney]: Okay.  Why is it that you moved out, sir?

[Brown]: My wife and I, at the time, we could not afford making the type of payments that we were making.  We were paying 1,256, I believe, estimated amount of payments monthly, and then they -- the payments went up because the taxes on the house went up, went all the way to 1,300 and something dollars a month, and we just could no longer afford living there.

Brown did not testify that he intended to return to the property in question.  Accordingly, pursuant to section 5.062, sections 5.063, 5.064, and 5.065 are inapplicable because 5607 Fireside Drive was not “used . . . as [Brown’s] residence” when Kula-Amos sued on September 12, 2003.  
See 
Tex. Prop. Code Ann.
 § 5.062(a); 
Owens Corning
, 997 S.W.2d at 571; 
Dickey,
 115 S.W.2d at 45-46; 
Teachout
, 2004 WL 794383, at *2-4.  Because subchapter D is inapplicable, the trial court did not err by entering judgment for Kula-Amos despite the alleged noncompliance with the property code.  We overrule Brown’s third, fourth, and fifth issues.

VI.  Conclusion

Having overruled all five of Brown’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: March 24, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Kula-Amos tendered a brief for purposes of this appeal, but because it was untimely despite the granting of two extensions of time, it was ordered stricken.

3:
Section 24.011 states:

In eviction suits in justice court for nonpayment of rent or holding over beyond a rental term, the parties may represent themselves or be represented by their authorized agents, who need not be attorneys.  In any eviction suit in justice court, an authorized agent requesting or obtaining a default judgment need not be an attorney.

4:
Kula-Amos and Brown executed the contract for deed on September 4, 2000.  At the time the contract was entered into, section 5.062 was numbered as 5.091 and contained an extra subsection that the legislature deleted in 2001.  However, the legislature did retain the language in section 5.091 pertaining to usage.  Section 5.091(b) read, “This subchapter applies only to a transaction involving an executory contract for conveyance of real property used or to be used as the purchaser’s residence.”  
See
 
Act of May 27, 1995, 74th Leg., R.S., ch. 994, § 3, sec. 5.091(b), 1995 Tex. Gen. Laws 4982, 4984 (amended 2001) (current version at 
Tex. Prop. Code Ann.
 § 5.062(a) (Vernon 2004)).
  
Thus, the 2001 amendments do not affect the applicability of this subsection for our purposes.

We also interpret the language “used . . . as the purchaser’s residence” to refer only to 
current residences
, as opposed to, or including, property that was 
previously used 
as the debtor’s residence.  
See Dickey v. McComb Dev. Co., Inc.
, 115 S.W.3d 42, 45-46 (Tex. App.—San Antonio 2003, no pet.) (holding sections 5.061, 5.062, and 5.063 inapplicable because “a trier of fact could reasonably infer from the record that the property was not going to be used as a residence by the Dickeys” and impliedly reasoning that previous residence insufficient to satisfy residence requirement); 
Teachout v. Kitchen
, No. 14-03-00215-CV, 2004 WL 794383, at *2-4 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (not designated for publication) (examining legislative intent with regard to language “used as the debtor’s residence” and holding that such language applies only to current residences).