**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

9/9/15

**DORIAN E. RAMIREZ, CLERK**
BY DTello

ACCEPTED
13-15-00106-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/9/2015 2:09:33 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00106-CV

### IN THE COURT OF APPEALS
### FOR THE THIRTEENTH JUDICIAL DISTRICT OF TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

9/9/2015 2:09:33 PM
DORIAN E. RAMIREZ
Clerk

**V. BELAFONTE FRIAR**
**APPELLANT**

**VS.**

**CHRISTOPHER BLASCHKE, INDEPENDENT EXECUTOR**
**APPELLEE**

On Appeal from the County Court of
DeWitt County, Texas, Trial Court Cause No. 4524

### APPELLANT'S BRIEF

## L. MICKELE' DANIELS & ASSOCIATES

By:___**/s/ L. Mickele' Daniels**_____
L. Mickele' Daniels
TBN: 05374900
Arena Tower One, Suite 580
7322 Southwest Freeway
Houston, Texas 77074
Telephone: (713) 995-4681
Telecopier: (713) 995-4685
Seminole85@peoplepc.com
**ATTORNEY FOR APPELLANT**
**V. BELAFONTE FRIAR**

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………..ii

NOTICE OF INTERESTED PARTIES………………….…………iii

TABLE OF AUTHORITIES……………………………………..iv

REQUEST FOR ORAL ARGUMENT……………………...........vi

STATEMENT OF JURISDICTION………………………………vii

STATEMENT OF THE NATURE OF THE CASE………………..viii

STATEMENT OF POINTS OF ERROR…………………………..ix

> The trial court erred in awarding judgment of possession to the Appellees even though the trial court should have abated this lawsuit because a suit involving the same parties and issues was first filed in the county court and was still pending. The mere pendency of a suit in the same county court involving the same parties and issues was a reason to abate the later-filed state court suit, and the later-filed court should have granted the Appellant's motion to abate the forcible detainer when the subject matter of the suits is inherently interrelated.

STATEMENT OF FACTS………………………………………….x

APPELLANTS POINT OF ERROR .......…………………….....1

CONCLUSION AND PRAYER FOR RELIEF………..………...5

CERTIFICATE OF SERVICE……………………………………. 6

CERTIFICATE OF COMPLIANCE............................................ 6

APPENDIX………………………………………………………7

**NOTICE OF INTERESTED PARTIES**

Pursuant to Tex. R App. P. 74(a), the following persons are interested parties:

I. <u>Presiding Judge at Trial</u>

Honorable Daryl L. Fowler (County Court)

II. <u>Appellant</u>:

**V. BELAFONTE FRIAR**

III. <u>Attorney for Appellee</u>:

Michael A. Johnson (Trial and Appeal)

IV. <u>Attorney for Appellant</u>:

L. Mickele' Daniels (Trial and appeal)

V. <u>Appellate Court</u>:

Thirteenth Court of Appeals, 13th District of Texas

# TABLE OF AUTHORITIES

## **CASES**

### **STATE CASES**

AMC Mortgage Servs., Inc. v. Shields, No. 05-06-01194-CV, 2007 WL 1366048 (Tex. App. –Dallas 2007, no pet.)…………………………………………………2

Aguilar v. Weber, 72 S.W.2d 729, 731 (Tex. App. – Waco 2002)……………..1

Falcon v. Ensignia, 976 S.W.2d 336 (Tex. App. –Corpus Christi 1998)………4

Haith v. Drake, 596 S.W.2d 194, 196 (Tex. App. –Houston [1st Dist.] 1980)…5

Home Sav. Ass'n. v. Ramirez, 600 S.W.2d 911, 913 (Tex. App. Corpus Christi1980 writ ref'd n.r.e.)…………………………………………………..1

Goggins v. Leo, 849 S.W.2d 373, 375 (Tex. App. –Houston [14th Dist.] 1993, no writ)…………………………………………………………………..2

Kennedy v. Andover Place Apartments, 203 S.W.3d 495, 497 (Tex. App. –Houston [14th Dist.] 2006, no pet.)……………………………………….2

Martinez v. Daccarett, 865 S.W.2d 161, 163 (Tex. App. Corpus Christi 1993).5

Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171, (Tex.App. – Houston [1st Dist.], 1995, writ denied)……………………………………………….2

Murphy v. Countrywide Home Loans, Inc. 199 S.W.3d 441, 445 (Tex. App. – Houston [1st Dist.] 2006, pet. Denied)…………………………………………..2

Rice v. Pinney, 51 S.W.3d 705, 712 (Tex. App. –Dallas 2001)………………..2

Rodriguez v. Sullivan, 484 S.W.2d 592, 593 (Tex. App. –El Paso 1972)……..4

Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co., 794 S.W.2d 944, 946 (Tex. App.-Houston [ 1st Dist.] 1990, no writ)...................................................4

Sparkman v. State, 968 S.W.2d 373, 378 (Tex. App. –Tyler 1997)……………4

Taiwan Shrimp Farm Village Ass'n, Inc. v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W. 2d 61, 68 (Tex. App.-Corpus Christi 1996, writ denied)......................................4

Williamson v. Tucker, 615 S.W.2d 881, 885-86 (Tex. App.-Dallas 1981, writ ref'd n.r.e) ........................................................................................4

**STATUTES**

Vernon's Ann. Texas Property Code, Art. 24.001 – 24.005

Vernon's Ann. Texas Rules of Evidence, Rule 902(10)

**STATEMENT REQUESTING ORAL ARGUMENT**

Pursuant to Tex. R App.P. 75(a)(f), Appellant requests oral argument in this case.

## STATEMENT OF JURISDICTION

This court has jurisdiction pursuant to Rule 25.1(a) of the Texas Rules of Appellate Procedure.

# STATEMENT OF THE NATURE OF THE CASE

The Appellee was awarded a judgment for the possession of the real property owned and possessed by the Appellants in a forcible detainer action in the County Court before the Honorable Daryl L. Fowler. **V. BELAFONTE FRIAR**, Appellant appeals the judgment to the Thirteenth Court of Appeals alleging that the Appellee should not have been granted the right to possession because there was no final judgment awarding the Appellee a greater right to possession the Appellant. Appellant filed a Motion to Abate the proceedings because there was another action filed by the same Appellee in the County Court involving the same action which had not been finalized but the motion was overruled and the trial court proceeded to trial and awarded judgment to the Appellee.

# STATEMENT OF POINTS OF ERROR

**POINT OF ERROR ONE**

The trial court erred in awarding judgment of possession to the Appellees even though the trial court should have abated this lawsuit because a suit involving the same parties and issues was first filed in the county court and was still pending. The mere pendency of a suit in the same county court involving the same parties and issues was a reason to abate the later-filed state court suit, and the later-filed court should have granted the Appellant's motion to abate the forcible detainer when the subject matter of the suits is inherently interrelated.

## STATEMENT OF THE FACTS

This is an appeal from a judgment of possession filed by the Appellee in the justice court and tried de novo in the County Court of Dewitt County. The justice court signed a judgment of possession for the Appellee and the Appellant appealed this matter to the county court of Dewitt County. A trial de novo was had before the Honorable Daryl L. Fowler in the County Court of Harris County, Texas on or about February 24, 2015 with the judgment being signed on or about February 25, 2015.  The Appellant filed a Motion to Abate because there was a companion case of the same parties and same litigation which had not been finalized which was filed prior to the present action. The trial judge overruled the motion of the Appellant and allowed the trial to proceed over the objections of the Appellant and consequently signed a judgment of possession for the Appellee. The Appellant now hereby makes his appeal to this Honorable Appellate Court.

## APPELLANT'S POINT OF ERROR

The trial court erred in awarding judgment of possession to the Appellees even though the trial court should have abated this lawsuit because a suit involving the same parties and issues was first filed in the county court and was still pending. The mere pendency of a suit in the same county court involving the same parties and issues was a reason to abate the later-filed state court suit, and the later-filed court should have granted the Appellant's motion to abate the forcible detainer when the subject matter of the suits is inherently interrelated.

A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. Tex. Prop. Code, Art. 24.001. Jurisdiction over forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. See TEX. PROP.CODE ANN. § 24.004 (Vernon 2000); Aguilar v. Weber, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet.); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.). A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: (1) is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession; (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or (3) is a tenant of a person who acquired possession by forcible entry. See TEX. PROP.CODE ANN. § 24.002(a) (Vernon 2000). A demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005. See TEX. PROP.CODE ANN. § 24.002(b) (Vernon 2000). If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible

1

detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. TEX. PROP.CODE ANN. § 24.005(b) (Vernon 2000). The person entitled to possession must give the occupant oral or written notice to vacate before the landlord files a forcible entry and detainer suit. TEX. PROP.CODE ANN. § 24.005(d) (Vernon 2000).

The disposition of the case depends on the extent to which a county court has appellate jurisdiction. The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. Aguilar, 72 S.W.3d at 731. Neither a justice court, nor a county court on appeal, has jurisdiction to determine the issues of title to real property in a forcible detainer suit. See Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. Rice, 51 S.W.3d at 709; Goggins v. Leo, 849 S.W.2d 373, 375 (Tex.App.-Houston [14th Dist.] 1993, no writ). To prevail on a suit for forcible detainer, the plaintiff must prove it made demand for possession. Tex. Prop. Code Ann. § 24.002; *AMC Mortgage Servs. Inc. v. Shields,* No. 05-06-01194-CV, 2007 WL 1366048, at *1 (Tex. App.-Dallas May 9, 2007, no pet.) (mem. op); *Murphy v. Countrywide Home Loans, Inc.,* 199 S.W.3d 441, 445 (Tex. App.-Houston [1st Dist.] 2006, pet. denied); *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.-Houston [14th Dist.] 1993, no pet.); see *Kennedy v. Andover Place Apartments,* 203 S.W.3d 495, 497 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (landlord must strictly comply with section

2

24.002 requirements which state that landlord must make written demand for possession in compliance with section 24.005 requirements for notice to vacate).

In the instant case, as a matter of law for subject-matter jurisdiction, the trial court should have found that the county court did not have jurisdiction to address whether Appellant or the Appellee had a right of immediate possession to the residence because there was a pending action which had to be determined the finality of a judgment awarding the real property to the Appellee in a prior action. Appellant does not believe a right to immediate possession was ever established but instead a genuine title dispute was raised in the county court. *Specific evidence of a title dispute is required to raise an issue of a justice court's jurisdiction. See Rodriguez v. Sullivan,* 484 S.W.2d 592, 593 (Tex. App.-El Paso 1972, no pet.). (We observe that when the parties in a buyer-seller relationship dispute whether the buyer has fully performed as required under a contract for deed, the justice court is denied jurisdiction to ascertain which party has the right of immediate possession to the property in question). With the Appellant having presented specific evidence to raise a genuine title dispute, the jurisdiction of the county court was at issue. *Falcon v. Ensignia,* 976 S.W.2d 336 (Tex. App.-Corpus Christi 1998, no pet.) (emphasis added) (citing *Sparkman v. State,* 968 S.W.2d 373, 378 (Tex. App.-Tyler 1997, pet. ref'd)). The justice court should have abated this lawsuit because a suit involving the same parties and issues was first filed in the county court and was still pending. However, the justice court granted judgment to the Appellee and forced Appellant and the Appellee to try this action de novo in the county court of Dewitt County. The Appellant filed and moved for the county court to abate the proceedings but was overruled by the county court. The mere pendency of a suit in the same county

3

court involving the same parties and issues is a reason to abate the later-filed state court suit, and the later-filed court must grant the motion to abate the state court action when the subject matter of the two suits is inherently interrelated. *Taiwan Shrimp Farm Village Ass'n, Inc. v. U.S.A. Shrimp Farm Dev., Inc.,* 915 S.W.2d 61, 68 (Tex. App.-Corpus Christi 1996, writ denied); *see Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.,* 794 S.W.2d 944, 946 (Tex. App.-Houston [ 1st Dist.] 1990, no writ); *Williamson v. Tucker,* 615 S.W.2d 881, 885-86 (Tex. App.-Dallas 1981, writ ref'd n.r.e). The same parties, however, were still in the Dewitt County Court under Cause No. 113457A when the forcible detainer had been filed and was being heard by the same court but a different judge in that same dispute. That matter had not been finalized because it was on appeal from the judgment of the County Court. Therefore, the Dewitt County Court should have abated plaintiff's forcible detainer action until the matter involving the parties in that prior proceeding had been fully finalized. In that prior proceeding, Appellee as Plaintiff, and the Executor of the Decedent's estate sued Appellant as Defendant to rescind the granting of a warranty deed of 17.7 acres (same property in the forcible detainer action) to Defendant (Appellant) by Mary Anna Majefski, Decedent. Because the county court suit had been filed first and those matters were not resolved, and the subject matter between the two suits were inherently interrelated, the county court should have abated the forcible detainer proceeding until the first matter filed in the county court cause of action had been resolved. The county court could not determine the greater right to possession in favor of the Appellee when there was no final judgment awarding the property to the Appellee. When there is specific evidence of a title dispute, that is all that is required to raise an issue of a justice court's jurisdiction.

4

*See Rodriguez v. Sullivan,* at 593. The justice court and the county court did not have jurisdiction over this matter and the case should have been abated pending the finality of the prior action. However, both courts overruled the Appellant's motion and issued a reversible judgment.

Because the justice court and county court would be required to determine the issue of title to resolve the right to immediate possession, the trial court should have concluded they lacked jurisdiction to consider this case and reversed the decision of the justice court. See Aguilar, 72 S.W.3d at 735; Mitchell, 911 S.W.2d at 171; Am. Spiritualist Ass'n, 313 S.W.2d at 125. See also Rice v. Pinney, 51 S.W.3d 705, 712 (Tex.App.-Dallas 2001, no pet.); Martinez v. Daccarett, 865 S.W.2d 161, 163-64 (Tex.App.-Corpus Christi 1993, no pet.); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913-14 (Tex.Civ.App.-Corpus Christi 1980, writ ref'd n.r.e.); Haith v. Drake, 596 S.W.2d 194, 196 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

### CONCLUSION AND PRAYER FOR RELIEF

Based upon the above factual and legal arguments with the supporting authorities, Appellants feel that there was reversible error committed during the course of the trial, whereby the trial court rendered judgment of possession to the Appellee to which the Appellants ask this Appellate Court to reverse.

WHEREFORE, PREMISES CONSIDERED, Appellant pray that the Honorable Court reverse the decision of the county court and send this matter back to the court for instructions consistent the ruling in this appeal.

Respectfully submitted,

**L. MICKELE' DANIELS & ASSOCIATES**

By: ___/s/ L. Mickele' Daniels___
L. **Mickele' Daniels**
TBN: 05374900
Arena Tower One, Suite 580
7322 Southwest Freeway
Houston, TX 77074
Telephone: (713) 995-4681
Telecopier: (713) 995-4685
Seminole85@peoplepc.com
**ATTORNEY FOR APPELLANT**
**V. BELAFONTE FRIAR**

## CERTIFICATE OF SERVICE

This is to certify that copies of the above-entitled and numbered Appellant's Brief has been served on the attorney of the Appellee, by delivery of a true copy to them in person via the efile electronic filing system, facsimile and/or U.S. Certified Mail, return receipt requested on the **8th** day of September, 2015, properly addressed as follows:

Michael A. Johnson
121 S. Main, Suite 201
Victoria, TX 77902
**(361) 485-0465 FAX**

___/s/ L. Mickele' Daniels___
L. Mickele' Daniels

## CERTIFICATE OF COMPLIANCE

This is to certify that copies of the above-entitled and numbered Appellant's Brief is a computer generated document which is in full compliance with the word limit of the Texas Rules of Appellate Procedure Rule 9.4(i)(3) and that the number of words in said document is 2,802.

___/s/ L. Mickele' Daniels___
L. Mickele' Daniels

6

# Appendix

# APPENDIX TABLE OF CONTENTS

CORRECTED JUDGMENT.................................................................i

TEXAS PROPERTY CODE, § 24.001 – 0005...........................ii

8

| | | |
|---|---|---|
| CHRISTOPHER BLASCHKE | § | IN THE COUNTY COURT |
| INDEPENDENT EXECUTOR OF THE | § | |
| ESTATE OF MARY ANNA MAJEFSKI | § | |
| WINKELMANN, DECEASED | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | OF |
| | § | |
| V. BELAFONTE FRIAR | § | |
| | § | |
| Defendant | § | DeWITT COUNTY, TEXAS |

## CORRECTED JUDGMENT

The Judgment entered by this Court in this matter on February 24, 2015, is hereby withdrawn and the Court orders the Clerk to file this Corrected Judgment in its place.

On February 23, 2015, the Court, on appeal from Justice Court by trial *de novo*, heard the Petition for Forcible Detainer brought by Christopher Blaschke, Independent Executor of the Estate of Mary Anna Majefski Winkelmann, Deceased, against V. Belafonte Friar, Defendant.

1.  Plaintiff Christopher Blaschke, Independent Executor of the Estate of Mary Anna Majefski Winkelmann, Deceased, appeared in person and by and through his attorney of record.

2.  Defendant V. Belafonte Friar appeared in person and by and through his attorney of record.

3.  The Court determined that it had proper jurisdiction over the cause and that venue was

proper.

4. The Court finds that this is a suit for forcible detainer relating to certain real property comprised of 17.7 acres of land, more or less, and located at 782 U.S. Hwy 77A N, Cuero, Texas 77954. The Court further finds that Plaintiff's action for forcible detainer arises as a result of a judgment entered in Case No. 11347A; *Christopher Blaschke Independent Executor of the Estate of Mary Anna Majefski Winkelmann. Deceased vs. Belafonte Friar*; In the County Court of Law, DeWitt County, Texas.

5. The Court finds that this case was originally filed in the Justice Court of DeWitt County, Texas, Precinct 1 and a judgment was entered.

6. A Notice of Appeal to County Court was filed by Defendant.

7. No jury was requested.

8. Having reviewed the evidence, and heard the evidence and arguments, the Court is of the opinion that the petition has been proven.

9. It is therefore ORDERED, ADJUDGED AND DECREED that Christopher Blaschke, Independent Executor of the Estate of Mary Anna Majefski Winkelmann, Deceased, shall receive judgment for possession of the premises and costs in the amount of $116.00. The Court further

2

orders that a Writ of Possession will be granted ordering the Sheriff of DeWitt County, Texas, or the Constable of Precinct 1 of DeWitt County, Texas, to place Christopher Blaschke, Independent Executor of the Estate of Mary Anna Majefski Winkelmann, Deceased, in possession of the premises.

10.   The Court further orders that the Writ of Possession shall not issue until the expiration of ten days from the date this judgment is signed.

11.   The Court sets the amount of the supersedeas bond in this matter at $50,000.00.

Signed on February 25, 2015.

Daryl L. Fowler
County Judge, DeWitt County, Texas

**Filed for Record**
This, the 26th day of Feb. 20 15
at 1:35 o'clock P. M
NATALIE CARSON, COUNTY CLERK OF
DeWitt County, Texas

3

PROPERTY CODE

TITLE 4. ACTIONS AND REMEDIES

CHAPTER 24. FORCIBLE ENTRY AND DETAINER

Sec. 24.001. FORCIBLE ENTRY AND DETAINER. (a) A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand.

(b) For the purposes of this chapter, a forcible entry is:

(1) an entry without the consent of the person in actual possession of the property;

(2) an entry without the consent of a tenant at will or by sufferance; or

(3) an entry without the consent of a person who acquired possession by forcible entry.

Acts 1983, 68th Leg., p. 3514, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1989, 71st Leg., ch. 688, Sec. 1, eff. Sept. 1, 1989.

Sec. 24.002. FORCIBLE DETAINER. (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

(2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

(3) is a tenant of a person who acquired possession by forcible entry.

(b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

Acts 1983, 68th Leg., p. 3514, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 200, Sec. 1, eff. Aug. 26, 1985; Acts 1989, 71st Leg., ch. 688, Sec. 2, eff. Sept. 1, 1989.

Sec. 24.003. SUBSTITUTION OF PARTIES. If a tenancy for a term expires while the tenant's suit for forcible entry is pending, the landlord may prosecute the suit in

the tenant's name for the landlord's benefit and at the landlord's expense. It is immaterial whether the tenant received possession from the landlord or became a tenant after obtaining possession of the property.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Aug. 26, 1985.

Sec. 24.004. JURISDICTION; DISMISSAL. (a) Except as provided by Subsection (b), a justice court in the precinct in which the real property is located has jurisdiction in eviction suits. Eviction suits include forcible entry and detainer and forcible detainer suits. A justice court has jurisdiction to issue a writ of possession under Sections 24.0054(a), (a-2), and (a-3).

(b) A justice court does not have jurisdiction in a forcible entry and detainer or forcible detainer suit and shall dismiss the suit if the defendant files a sworn statement alleging the suit is based on a deed executed in violation of Chapter 21A, Business & Commerce Code.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Aug. 26, 1985; Acts 1997, 75th Leg., ch. 1205, Sec. 1, eff. Sept. 1, 1997.
Amended by:
        Acts 2011, 82nd Leg., R.S., Ch. 958 (H.B. 1111), Sec. 1, eff. January 1, 2012.
        Acts 2011, 82nd Leg., R.S., Ch. 1242 (S.B. 1320), Sec. 3, eff. September 1, 2011.
        Acts 2013, 83rd Leg., R.S., Ch. 161 (S.B. 1093), Sec. 22.002(28), eff. September 1, 2013.

This section was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 1367, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 24.005. NOTICE TO VACATE PRIOR TO FILING EVICTION SUIT. (a) If the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the

landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. A landlord who files a forcible detainer suit on grounds that the tenant is holding over beyond the end of the rental term or renewal period must also comply with the tenancy termination requirements of Section 91.001.

(b) If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease. The tenant is considered to timely pay the rent under this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name and address of the purchaser that requests payment. Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

(c) If the occupant is a tenant of a person who acquired possession by forcible entry, the landlord must give the person at least three days' written notice to vacate before the landlord files a forcible detainer suit.

(d) In all situations in which the entry by the occupant was a forcible entry under Section 24.001, the person entitled to possession must give the occupant oral or written notice to vacate before the landlord files a forcible entry and detainer suit. The notice to vacate under this subsection may be to vacate immediately or by a specified deadline.

(e) If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate may not be given until the period provided for the tenant to respond to the eviction notice has expired.

(f) The notice to vacate shall be given in person or by mail at the premises in question. Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the

premises and affixing the notice to the inside of the main entry door. Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question. If the dwelling has no mailbox and has a keyless bolting device, alarm system, or dangerous animal that prevents the landlord from entering the premises to leave the notice to vacate on the inside of the main entry door, the landlord may securely affix the notice on the outside of the main entry door.

(g) The notice period is calculated from the day on which the notice is delivered.

(h) A notice to vacate shall be considered a demand for possession for purposes of Subsection (b) of Section 24.002.

(i) If before the notice to vacate is given as required by this section the landlord has given a written notice or reminder to the tenant that rent is due and unpaid, the landlord may include in the notice to vacate required by this section a demand that the tenant pay the delinquent rent or vacate the premises by the date and time stated in the notice.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Sept. 1, 1985; Acts 1989, 71st Leg., ch. 688, Sec. 3, eff. Sept. 1, 1989; Acts 1997, 75th Leg., ch. 1205, Sec. 2, eff. Sept. 1, 1997.